IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 MAR 28 A 9: 49

DARRYL JOYCE,

PETITIONER,

VS.                                             CIVIL ACTION NO.

                                                2:05-CV-1009-ID

WARDEN JONES, et al.,

RESPONDENTS.

PETITIONER'S TRAVERSE IN RESPONSE TO RESPONDENT'S

ANSWER AND MOTION TO DISMISS

Comes now PETITIONER DARRYL JOYCE, and respectfully submits his response to the RESPONDENT'S answer and motion to dismiss in accordance with the JANUARY 25, 2006 order of this honorable court. And as grounds, states as follows;

In the answer and motion to dismiss filed by the respondent's on or about MARCH 7, 2006, it is averred that the petition for a writ of habeas corpus filed by

1

the petitioner is due to be dismissed. In support of this averment, the respondent's premises the basis for dismissal on TWO (2) specific grounds, asserting that petitioner JOYCE'S petition to the extent that it challenges his JULY 22, 2003 conviction for murder is barred from adjudication on the merits for failing exhaust his claim in the ALABAMA SUPREME COURT, and that, the judgment and factual finding of the ALABAMA COURT OF CRIMINAL APPEALS regarding the claim are due deference by this court.

In response, petitioner JOYCE avers that the foregoing defense asserted by the respondent is without merit in the instance action, and that, the petition for writ of habeas corpus is properly before this honorable court for consideration in accordance with the supporting authority stated herein.

The RESPONDENTS in their answer and motion to dismiss asserts that the federal habeas corpus petition in this case is barred because PETITIONER JOYCE did not seek discretionary review in the ALABAMA SUPREME COURT on his claim that," the trial court erred in allowing the admission of a photograph that was contained in a mug book" under the criteria set forth by the UNITED STATES SUPREME COURT in <u>O'SULLIVAN V. BOERCKEL</u>, 526 u.s. 383 (1999).

In construing the exhaustion requirements, the SUPREME COURT has explained that "state prisoners must give the state courts one full opportunity to resolve any

constitutional issues by invoking one complete round of the state's appellate review process". Under ALABAMA law, a complete <u>round</u> of the state appellate process includes discretionary appellate review in the ALABAMA SUPREME COURT because that review is part of the ordinary appellate review procedure in the state. HOWEVER, a habeas petitioner can escape the exhaustion requirements only by showing cause for the default and actual prejudice resulting there from, or by establishing a fundamental miscarriage of justice. <u>BAILEY V. NAGLE</u>, 172 F.3d 1299, 1306 (11th CIR. 1999); citing <u>MURRAY V. CARRIER</u>, 477 U.S. 488, 106 S.CT. 2639, 91 L.ED .2d. 397 (1986); <u>SUHLUP V. DELO</u>, 513 U.S. 298, 324-27, 115 S .CT. 851, 130 L. ED 2d 808 (1995).

In this case, petitioner was appointed counsel on appeal from his conviction and sentence to the ALABAMA COURT OF CRIMINAL APPEALS who appeared on petitioner's initial brief which challenges the issues asserted by petitioner for habeas corpus review. Any failure to preserve the claim as asserted by the respondent's was not attributed to petitioner's lack or attempt to do so, but the state's denial of counsel for full appellate review. This court has recognized that in failing properly to preserve a claim for state court review will suffice as cause if the claim itself constitute an independent constitutional claim. <u>EDWARD V. CARPENTER</u>, 529 U.S. 446, 146 L. ED. 2D 518, 120 S. CT. 1587 (2000); <u>COLEMAN V. THOMPSON</u>, 501 U.S. 722, 730, 115 L. ED. 2D 640, 111 S. CT. 2546 (1991).

The respondent's argues that any implication of a prior criminal history arising from the reference to the mug book was cumulative and harmless because previous testimony had been offered and counsel did not object. In <u>UNITED STATES V. HINES</u>, 955 F.2D 1449 (11TH CIR. 1992), it was determined that the admission of the defendant's mug shot was an abuse of discretion and cannot be considered harmless beyond a reasonable doubt. Even though evidence is considered admissible under FEDERAL RULES OF CRIMINAL PROCEDURE as alleged by the respondent's, it still should have been excluded when it unfairly prejudiced petitioner because there was no need to introduce the photographs where the petitioner's identity was not at issue. The judgment and factual finding of the ALABAMA COURT OF CRIMINAL APPEALS regarding petitioner's claim is no deference by this court. The decision of the state court on this issue resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law as determined by the ELEVENTH CIRCUIT COURT OF APPEALS in <u>UNITED STATES V. HINES</u>, 955 F.2D. 1449 (11TH CIR. 1992).

THEREFORE, for the forementioed reasons, the respondent's answer and motion to dismiss is due to be denied by this court.

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 24th day of MARCH 2006, served a copy of the foregoing on the respondent's for the STATE OF ALABAMA by placing a copy of the same in the UNITED STATES MAIL, postage prepaid and properly addressed as follows;

**ADDRESS OF COUNSEL:**

OFFICE OF THE ATTORNEY GENERAL
CRIMINAL APPEALS DIVISION
ALABAMA STATE HOUSE
11 SOUTH UNION STREET
MONTGOMERY, ALABAMA 36130

RESPECTFULLY SUBMITTED,

*/s/ Darryl Joyce*

DARRYL JOYCE #183316

5