IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

DARRYL JOYCE, #183 316         *

   Petitioner,                *

   v.                         *        2:05-CV-1009–ID
                                       (WO)
WARDEN JONES, *et al.*,        *

   Respondents.               *

_____

**ORDER**

In their answer, Respondents assert that the Alabama Court of Criminal Appeals affirmed Petitioner's 2003 murder conviction in an opinion filed August 13, 2004. (Doc. No. 10.) The appellate court overruled Petitioner's application for rehearing on October 22, 2004. (*Id*.) Petitioner did not seek certiorari review in the Alabama Supreme Court. (*Id*.) As a result, Respondents maintain that Petitioner failed to properly exhaust his state court remedies. (*Id*.) Specifically, Respondents assert that the United States Supreme Court, in *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999), "held that, to satisfy the exhaustion requirement, a state prisoner must present his claims to ta state supreme court in a petition for discretionary review when that review is part of the state's ordinary appellate review procedure." (*Id*. at pg. 6.) Because Petitioner failed to seek certiorari review with regard to the claim presented in this court, Respondents assert that he has not exhausted his claim.

Upon consideration of Respondents' answer and for good cause, it is

ORDERED that on or before April 20, 2006 Respondents file a supplemental answer which indicates how Petitioner's failure to properly exhaust his claim in the state courts affects the posture of Petitioner's claim in this court. *See O'Sullivan*, 526 U.S. at 848 (a petitioner's failure to properly exhaust his claims through remedies available in the state courts constitutes a procedural default).

Done, this 3rd day of April 2006.

        **/s/ Delores R. Boyd**
        DELORES R. BOYD
        UNITED STATES MAGISTRATE JUDGE