IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARRYL JOYCE,<br>AIS # 183316,<br><br>    Petitioner,<br><br>vs.<br><br>WARDEN JONES, *et al*<br><br>    Respondents. | )<br>)<br>)<br>)<br>)  CIVIL ACTION NO.<br>)  2:05-CV-1009-ID<br>)<br>)<br>)<br>) |

## SUPPLEMENTAL ANSWER

Come now the Respondents, by and through the State of Alabama and, pursuant to this Court's order issued on April 3, 2006, make the following supplemental answer to the allegations contained in Joyce's §2254 petition:

1. In his federal habeas corpus petition filed in this Court on October 21, 2005, Joyce attacks his July 22, 2003 conviction of murder in the Montgomery County Circuit Court, on grounds that the trial court erred when it allowed testimony into evidence regarding a photograph of him contained in a "mug book." (Joyce's federal habeas petition, page 4) This claim was raised by Joyce on direct appeal to the Alabama Court of Criminal Appeals. (Exhibit D)[1] On August 13,

---

[1] Exhibits previously submitted.

2004, the Alabama Court of Criminal Appeals affirmed Joyce's conviction of murder in a memorandum opinion. (Exhibit D) Joyce's application for rehearing was overruled on October 22, 2004. (Exhibit E) Joyce did *not* seek review in the Alabama Supreme Court. Certificate of final judgment was issued on December 2, 2004. (Exhibit F)

    2. On March 7, 2006, the Respondents filed an answer in this Court requesting that Joyce's petition be denied. Specifically, the Respondents argued that the Alabama Court of Criminal Appeals's holding that the admission of Detective Howton's testimony regarding the "mug book" was harmless error is due deference under Title 28, Section 2254(d) of the United States Code, because the decision of the state courts on this issue has not resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. Furthermore, Respondents argued, the decision of the state courts was not an unreasonable determination of the facts. The Respondents also argued that Joyce had failed to exhaust his state remedies because he did not seek certiorari review of his claim in the Alabama Supreme Court.

    3. On April 3, 2006, this Court ordered Respondents to file a supplemental answer addressing how Joyce's failure to properly exhaust his claim in the state courts affects his case in federal court. In O'Sullivan v. Boerckel, 526 U. S. 838 (1999), the United States Supreme Court held that, in order to satisfy the

2

exhaustion requirement, a state prisoner must present his claims to a state supreme court in a petition for discretionary review when that review is part of the state's ordinary appellate review procedure. Application for certiorari review is part of the State of Alabama's ordinary appellate review process. Joyce argued on direct appeal in the Alabama Court of Criminal Appeals that the trial court erred in allowing the admission of a photograph of him that was contained in a "mug book." Joyce did not, however, seek certiorari review of this claim in the Alabama Supreme Court. Under the criteria of O'Sullivan, therefore, Joyce has not exhausted his claim and his failure to exhaust this claim has resulted in a procedural default. Specifically, by failing to present this issue in the Alabama Supreme Court, Joyce has procedurally defaulted on his claim regarding the trial court's admission into evidence of the photograph in question.

4. Absent a showing of cause and prejudice, or a fundamental miscarriage of justice, this Court is barred from reviewing the claim contained in Joyce's federal petition, because such claim was procedurally defaulted when Joyce did not seek certiorari review of this claim in the Alabama Supreme Court. See: O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Engle v. Isaac, 456 U. S. 107 (1982); Coleman v. Upshaw, 501 U. S. 722, 730 (1991); Ylst v. Nunnemaker, 501 U. S. 797 (1991); Pitts v. Cook, 923 F. 2d 1568, 1571 (11th Cir. 1991). "To show cause sufficient to excuse a procedural default, a petitioner ordinarily must

3

establish that some objective factor external to the defense impeded his counsel's efforts to raise the claim." Pitts v. Cooke, 921 F. 2d at 1571, citing Murray v. Carrier, 477 U. S. 478 (1986). The cause and prejudice test applies to pro se litigants. Alexander v. Dugger, 841 F. 2d 371, 374, n. 3 (11th Cir. 1988); Schlup v. Delo, 513 U. S. 2988 (1995) (miscarriage of justice exception requires new evidence of innocence, plus a constitutional violation).

    5. Joyce has shown neither cause nor prejudice and has not supported his burden of proof in state or federal court regarding his claim. Therefore, this Court should decline to review Joyce's claim that the trial court erred in allowing testimony into evidence regarding a photograph of him contained in a "mug book," because such claim is procedurally defaulted. See: Coleman v. Upshaw, 501 U. S. 722, 730 (1991) (state prisoner who has defaulted his federal claims in state court pursuant to independent and adequate state procedural rule is barred from review in federal habeas, unless the petitioner can demonstrate cause and prejudice). "The burden of justifying federal habeas relief for state prisoners is greater than the showing required to establish plain error on direct appeal." Engle v. Issac, 456 U. S. 107, 135 (1982).

    Accordingly, based on the arguments contained herein and in Respondents previous answer, Joyce's petition for writ of federal habeas corpus is due to be denied.

4

## CONCLUSION

Based upon the foregoing, Joyce's petition for writ of habeas corpus attacking his conviction of murder is due to be denied under the doctrine of procedural default.

                                    Respectfully submitted,

                                    Troy King (KIN047)
                                    *Attorney General*
                                    By:

                                    s/Jean A. Therkelsen
                                    Jean A. Therkelsen
                                    *Assistant Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of April, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: Darryl Joyce, AIS # 183316, William E. Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, Alabama, 35023-7299.

> s/Jean A. Therkelsen
> Jean A. Therkelsen
> Office of the Attorney General
> Alabama State House
> 11 South Union
> Montgomery, AL  36130-0152
> Telephone: (334) 242-7300
> Fax: (334) 242-2848
> E-Mail: JTherkelsen@ago.state.al.us

123377