IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARRYL JOYCE,<br>AIS # 183316,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN JONES, *et al*<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO.<br>)  2:05-CV-1009-ID<br>)<br>)<br>)<br>) |

**SECOND SUPPLEMENTAL ANSWER**

Come now the Respondents, by and through the State of Alabama and, pursuant to this Court's order issued on May 15, 2006, make the following second supplemental answer to the allegations contained in Joyce's amendment to his §2254 petition:

1. In his federal habeas corpus petition filed in this Court on October 21, 2005, Joyce attacks his July 22, 2003 conviction of murder in the Montgomery County Circuit Court, on grounds that the trial court erred when it allowed testimony into evidence regarding a photograph of him contained in a "mug book." (Joyce's federal habeas petition, page 4) This claim was raised by Joyce on direct

appeal to the Alabama Court of Criminal Appeals. (Exhibit D)[1] On August 13, 2004, the Alabama Court of Criminal Appeals affirmed Joyce's conviction of murder in a memorandum opinion. (Exhibit D) Joyce's application for rehearing was overruled on October 22, 2004. (Exhibit E) Joyce did *not* seek review in the Alabama Supreme Court. Certificate of final judgment was issued on December 2, 2004. (Exhibit F) He did not file a petition under Rule 32 Ala.R.Crim.P. Instead, Joyce went directly from state court to federal court, filing this petition on October 21, 2005.

2. On March 7, 2006, the Respondents filed an answer in this Court requesting that Joyce's petition be denied on grounds that the Alabama Court of Criminal Appeals's holding that the admission of Detective Howton's testimony regarding the "mug book" was harmless error is due deference under Title 28, Section 2254(d) of the United States Code, because the decision of the state courts on this issue has not resulted in a decision that is contrary to, or involved an unreasonable application of, clearly established federal law. Furthermore, Respondents argued, the decision of the state courts is not an unreasonable determination of the facts. The Respondents also argued that Joyce has failed to exhaust his state remedies because he did not seek certiorari review of his claim in the Alabama Supreme Court.

---

[1] Exhibits previously submitted.

3. On April 20, 2006, pursuant to an order by this Court, Respondents filed a supplemental answer wherein Respondents argued that, under the criteria of O'Sullivan v. Boerckel, 526 U.S. 838 (1999), Joyce has procedurally defaulted on his claim regarding the trial court's admission into evidence of the photograph in question because he did not seek review of this issue in the Alabama Supreme Court. Joyce filed a response in this Court on May 11, 2006, wherein he asserts that any default arising from the failure to present his defaulted claim in accordance with Alabama's procedural rules was due to ineffective assistance of appellate counsel.

4. The claim of ineffective assistance of appellate counsel that Joyce raises as "cause" in his amended petition is procedurally defaulted, because it has never been presented to the state courts. Joyce could have raised this claim in a Rule 32 petition, but did not do so. This claim is raised for the first time in federal court and is procedurally barred, because it has never been presented to the state courts. Teague v. Lane, 489 U.S. 288 (1989); Engle v. Isaac, 456 U.S. 107, 113-114, 117, 124-135 (1982). "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." Wright v. Hopper, 169 F. 3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there is

3

at least a reasonable probability that the result of the proceeding would have been different. Id.; Crawford v. Head, 311 F. 3d 1288, 1327-1328 (11th Cir. 2002).

  5. In Edwards v. Carpenter, 529 U.S. 446, 451-452 (2000), a habeas petitioner argued ineffective assistance of counsel as cause for his procedural default of other constitutional claims in his §2254 petition when he had never raised this ineffective assistance claim in state court. The United States Supreme Court held that unless the petitioner could establish cause and prejudice to excuse his procedural default of his ineffective assistance claim, he was barred from using it as a basis for cause to excuse his procedural default of the underlying claim. Edwards, at 451-53. A similar situation involving the attempted use of an unexhausted claim as cause to excuse a procedural default was addressed by the Court in the earlier case of Murray v. Carrier, 477 U.S. 478 (1986). In Murray v. Carrier, the Court held that a prisoner must be required to present his claim of ineffective assistance of counsel to the state courts as an independent claim before he may use it to establish cause to excuse the procedural default of another claim. Id, at 488-489. But, in Edwards, the United States Supreme Court made it clear that the failure to properly exhaust the ineffective assistance of counsel claim actually resulted in a procedural default of the claim being asserted as cause, completely barring that claim from being used to excuse the procedural default of the underlying claim.

6. With its decisions in Edwards v. Carpenter, and Murray v. Carrier, the Supreme Court has made clear that a procedurally defaulted ineffective assistance of counsel claim can serve as cause to excuse the procedural default of another habeas claim *only* if the habeas petitioner can satisfy the "cause and prejudice" standard with respect to the ineffective assistance claim itself. As in Edwards, Joyce is barred from asserting his ineffective assistance of appellate counsel claim to establish cause and prejudice, because such claim was never raised in state court and is procedurally defaulted. Such claim, then, can not be used to establish cause and prejudice because it is unexhausted and procedurally defaulted.

Accordingly, based on the arguments contained herein and in Respondents previous answer, Joyce's petition for writ of federal habeas corpus is due to be denied.

## CONCLUSION

Based upon the foregoing, Joyce's petition for writ of habeas corpus attacking his conviction of murder is due to be denied under the doctrine of procedural default.

                      Respectfully submitted,

                      Troy King (KIN047)
                      *Attorney General*
                      By:

                      s/Jean A. Therkelsen
                      Jean A. Therkelsen
                      *Assistant Attorney General*

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of May, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:  Darryl Joyce, AIS # 183316, St. Clair Correctional Facility, 1000 St. Clair Road, Springville, Alabama 35146-5582.

> s/Jean A. Therkelsen
> Jean A. Therkelsen
> Office of the Attorney General
> Alabama State House
> 11 South Union
> Montgomery, AL  36130-0152
> Telephone:  (334) 242-7300
> Fax:  (334) 242-2848
> E-Mail:  JTherkelsen@ago.state.al.us

138407