IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DARRYL JOYCE,

PETITIONER,

VS.   CIVIL ACTION NO. 2:05-CV-1009-ID

WARDEN JONES, et al.,

RESPONDENTS.

**PETITIONER'S SECOND SUPPLEMENTAL TRAVERSE IN RESPONSE TO RESPONDENT'S
ANSWER AND MOTION TO DISMISS**

Comes now PETITIONER DARRYL JOYCE, and respectfully submits his response to the RESPONDENT'S supplemental answer and motion to dismiss in accordance with the MAY 15, 2006 order of this honorable court. And as grounds, states as follows;

In the answer and motion to dismiss filed by the respondent's on or about MAY 30, 2006, it is averred that the petition for a writ of habeas corpus filed by the petitioner is due to be dismissed. In support of this averment, the respondent's premises the basis for dismissal on TWO (2) specific grounds, asserting that petitioner JOYCE'S petition to the extent that it challenges his JULY 22, 2003 conviction for murder is barred from

Case 2:05-cv-01009-ID-TFM    Document 23    Filed 06/13/2006    Page 2 of 7

adjudication on the merits for failing exhaust his claim of ineffective assistance of counsel resulted in a procedural default, because the claim raised in Petitioner Joyce amended habeas corpus petition was never presented to the state court, and that, petitioner has failed to show either cause and prejudice or a fundamental miscarriage of justice for review of his claim.

In response, petitioner JOYCE avers that the foregoing defense asserted by the respondent is without merit in the instance action, and that, the petition for writ of habeas corpus is properly before this honorable court for consideration in accordance with the supporting authority stated herein.

The Respondents in their answer and motion to dismiss asserts that the federal habeas corpus petition in this case is barred because Petitioner JOYCE habeas petition arguing the claim of ineffective assistance counsel as cause for his procedural default is barred from using it as a basis for cause to excuse his procedural of the underlying claim.

Petitioner Joyce argues that his ineffective assistance of counsel claim was not raised in the state court " cause " exist excuse any procedural default in this case, because the state court allowed appellate counsel to abandon petitioner's appeal without reasonable means within the fourteen day (14) deadline of seeking further appellate review to the Alabama Supreme Court.

In construing the exhaustion requirements, the SUPREME COURT has explained that "state prisoners must give the state court one full opportunity to resolve any

constitutional issues by invoking one complete round of the state appellate review process". Under ALABAMA law, a complete round of the state appellate process includes discretionary review in the ALABAMA SUPREME COURT because that review is part of the ordinary appellate review procedure in the state. However, a habeas petitioner can escape the exhaustion requirements by showing cause for the default and actual prejudice resulting there from, or by establishing a fundamental miscarriage of justice. BAILEY V. NAGLE, 172 F.3D. 1299, 1306 (11TH CIR. 1999) citing MURRAY V. CARRIER, 477 U.S. 488, 106 S. CT. 2639, 91 L.ED.2D. 397 (1986); SUHLUP V. DELO, 513 U.S. 298, 324-27, 115 S. CT. 851, 130 L.ED.2D. 808 (1995).

In this case, petitioner was appointed counsel on appeal from his conviction and sentence to the ALABAMA COURT OF CRIMINAL APPEALS who appeared on petitioner's initial brief which challenges the issues asserted by petitioner for habeas corpus review. Any failure to preserve the claim as asserted by the respondents was not attributed to petitioner's lack or attempt to do so, but the state's denial of counsel for full appellate review, because the state court failed to appoint other counsel for seeking such review. EVITTS V. LUCEY, 469 U.S. 387, 83 L.ED.2d 821, 105 S.CT. 830 (1985), WHEREIN THE United States Supreme Court recognized that when a State opts to act in a field where its action has significant discretionary elements, such as establishment of a system of appellate review as of right although not required to do so, it must nonetheless act in accord with the dictates of the constitution, and, in particular, in accord with the due process clause of the fourteenth amendment.

Generally speaking, this court does not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice. COLEMAN V. THOMPSON, 501 U.S. 722, 730, 115 L.ED.2d. 640, 115 S.CT. 2546 (1991). " '[ C ]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him. COLEMAN, 501 U.S. at 753, 111 S.CT. 2546; see MURRAY V. CARRIER, 477 U.S. 478, 488, 106 S.CT. 2639, 91 L.ED.2d. 397 (1986) ( indicating the "cause" standard requires a petitioner to "show that some objective factor external to the defense impeded ... efforts to comply with the , State's procedural rules"). Such external factors could, for example, include situations where "some interference by officials ... made compliance impracticable." Id. (internal quotations and citation omitted). As for prejudice, a petitioner must show " 'actual prejudice' resulting from the errors of which he complains". UNITED STATES V. FRADY, 456 U.S. 152, 168, 102 S.CT. 1584, 71 L.ED.2d. 816 (1982). More specifically, a petitioner must demonstrate "actual prejudice resulting from the alleged constitutional violation". WAINWRIGHT V SYKES, 433 U.S. 72, 84, 97 S.CT. 2497, 53 L.ED.2d. 594 (1977).

This court has recognized that in failing properly to preserve a claim for state court review will suffice as cause if the claim itself constitutes an independent constitutional claim. EDWARD V. CARPENTER, 529 U.S. 446, 146 L.ED.2D. 518, 120 S. CT. 1587 (2000);

The basis for Petitioner Joyce assertion that his appellate counsel was negligent for failing to timely seeking review in the Alabama Supreme Court because counsel intentionally abandon his direct appeal by failing to either contact the State Court of Criminal Appeals or the Alabama Supreme Court regarding the status of his appeal during the period of time for seeking review in the Alabama Supreme Court.

As for the question of prejudice, it is clear that Petitioner Joyce can demonstrate "actual prejudice resulting from the alleged constitutional violation. WAINWRIGHT, 433 U. S. at 84, 97 S. CT. 2497.

The Respondents argues that any implication of a prior criminal history arising from the reference to the mug book was cumulative and harmless because previous testimony had been offered and counsel did not object. In UNITED STATES V. HINES, 955 F.2D. 1449 ( 11TH CIR. 1992), it was determined that the admission of the defendant's mug shot was an abuse of discretion and cannot be considered harmless beyond a reasonable doubt. This court in applying the three-factor test established in UNITED STATES V. TORRES-FLORES, 827 F.2D. 1031, 1037 (5TH CIR. 1987) has recognized that unless the following standards are met, the introduction of mug shots would be reversible error:

1.) There must have been a demonstrable need to introduce the photographs; and

2.) 2.) The photographs themselves, if shown to the jury, must not imply that the defendant has a prior criminal record; and

3.) The manner of introduction at trial must be such that it does not draw particular attention to the source or implications of the photographs.

Even though evidence is considered admissible under Federal Rules of Criminal Procedure as alleged by the respondents, it still should have been excluded when it unfairly prejudiced petitioner because there was no need to introduce the photographs where the petitioner's identity was not at issue. The mug shots in this case carried clear implication of criminal activity that breaches the rule against admitting evidence of petitioner's bad character unfairly prejudiced petitioner and the judgment and factual finding of the Alabama Court of Criminal Appeals regarding petitioner's claim is no deference to preclude review by this court. The decision of the state court on this issue resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law as determined by the ELEVENTH CIRCUIT COURT OF APPEALS in UNITED STATES V. HINES, 955 F.2D 1449 (11TH CIR. 1992).

THEREFORE, for the fore mentioned reasons, the respondents answer and motion to dismiss is due to be denied by this court.

CERTIFICATE OF SERVICE

I hereby certify that I have on this the 12TH day of JUNE 2006, served a copy of the foregoing on the respondents for the STATE OF ALABAMA by placing a copy of the same in the UNITED STATES MAIL, postage prepaid and properly addressed as follows;

**ADDRESS OF COUNSEL**

OFFICE OF THE ATTORNEY GENERAL
CRIMINAL APPEALS DIVISION
ALABAMA STATE HOUSE
11 SOUTH UNION STREET
MONTGOMERY, ALABAMA 36130

RESPECTFULLY SUBMITTED,

_____
DARRYL JOYCE
AIS#183316
1000 ST. CLAIR RD.
SPRINGVILLE, ALABAMA
35146