IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| DARRYL JE'VON JOYCE, #183 316 | * |
| Petitioner, | * |
| v. | *    2:05-CV-1009-ID (WO) |
| WARDEN JONES, *et al.*, | * |
| Respondents. | * |

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION AND PROCEDURAL HISTORY

_____This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by  Darryl Joyce ["Joyce"] on October 18, 2005.  Joyce challenges his conviction for murder entered against him by the Circuit Court for Montgomery County, Alabama, on July 22, 2003.  The trial court sentenced Joyce on August 18, 2003, as a habitual offender, to life imprisonment without the possibility of parole.  (*Doc. No. 10, Exh. A1.*)

Joyce appealed his conviction. He argued that the trial court erred when it allowed introduction of testimony regarding a "mug book" because such testimony was prejudicial and used solely for the purpose of attacking his character and reputation, and that the State failed to prove a prima facie case of murder.  In an opinion released August 13, 2004, the Alabama Court of Criminal Appeals affirmed Joyce's conviction. The appellate court denied

Joyce's application for rehearing on October 22, 2004 and issued a certificate of judgment

on December 2, 2004. (*Doc. No. 10, Exhs. B-F.*)

In the instant application for habeas corpus relief, as amended, Joyce presents the

following claims for review;

1.  The trial court erred by allowing the introduction of testimony concerning a

photograph of him contained in a police "mug book;" and

2.  Appellate counsel provided ineffective assistance.   (*Doc. Nos. 1, 18.*)

Respondents filed answers pursuant to the orders of this court in which they contend

that Joyce's claims for relief are procedurally defaulted as he failed to present his claims to

the state courts in accordance with the state's procedural rules. *See O'Sullivan v. Boerckel*,

526 U.S. 838, 844-845 (1999); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002);

*Smith v. Jones*, 256 F.3d 1135, 1140-1146 (11th Cir. 2001); *Holladay v. Haley*, 209 F.3d

1243, 1254 n. 9 (11th Cir. 2000); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990). In

support of this argument, Respondents maintain that Joyce either failed to present his claims

for relief to the highest state court with jurisdiction to review the claims or presents his

claims for the first time in the instant petition.   As a result, Respondents argue that Joyce's

claims are procedurally barred from federal review. *(See Doc. Nos. 10, 16, 21.*)   *Gray v.

Netherland,* 518 U.S. 152, 161-162 (1996) (where state-court remedies are no longer

available because petitioner failed to file a direct appeal or initiate timely state post-

conviction action, petitioner has procedurally defaulted on his claims and is generally barred from asserting claims in a federal habeas proceeding); *Coleman v. Thompson,* 501 U.S. 722, 735 n. 1 (1991) (citations omitted) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] ... there is a procedural default for purposes of federal habeas."); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (when petitioner fails to properly exhaust claims in state court and is barred from raising claims in state court by applicable procedural rules, such claims are procedurally defaulted).

To the extent Joyce asserts a claim of ineffective assistance of appellate counsel  as cause for the default of his substantive claims, Respondents' answer, as supplemented,  and supporting evidentiary material reflects  that this assertion cannot establish cause as Joyce likewise procedurally defaulted any such claim. (*Doc. No. 21 at 3-5.*);  *Murray v. Carrier*, 477 U.S. 478 (1986) (ineffective assistance of counsel will excuse a procedural default only when the ineffective assistance claim itself has been independently and properly raised); *Hill v. Jones*, 81 F.3d 1015, 1030 (11th Cir. 1996) (a procedurally defaulted claim of ineffective assistance of counsel cannot serve as cause to excuse the default of a separate claim).

The court entered orders advising Joyce of his procedural defaults and allowing him an opportunity to file a response addressing his defaults. (*Doc. Nos. 17, 22.*)    In his

responses to the aforementioned orders, Joyce contends that the appellate counsel intentionally abandoned Joyce's direct appeal proceedings without reasonable means and within the time allowed to seek certiorari review in the Alabama Supreme Court. (*Doc. Nos. 18, 23*.)

Upon review of the § 2254 petition, the answer and supplemental answers of Respondents, Joyce's responses, and the undisputed record in this case, the court concludes that no evidentiary hearing is required and that the petition is due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II. DISCUSSION

The claims presented by Joyce in his petition for habeas corpus relief are procedurally defaulted as he failed to present these claims to the state courts in accordance with the State's applicable procedural rules. *O'Sullivan v. Boerckel*, 526 U.S. at 844-45; *Henderson*, 353 F.3d at 891; *Pruitt v. Jones*, 348 F.3d 1355 (11th Cir. 2003). This court may reach the merits of Joyce's procedurally defaulted claims "only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both 'cause' for the default and actual 'prejudice' resulting from the default. *See Murray v. Carrier,* 477 U.S. 478, 485, 106 S.Ct. 2639, 2644, 91 L.Ed.2d 397 (1986); *[Wainwright v.] Sykes*, 433 U.S. [72,] 87 [(1977)]. ... Second, a federal court may also grant a habeas petition

4

on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray*, 477 U.S. at 495-96, 106 S.Ct. at 2678. A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *Id*." *Henderson*, 353 F.3d at 892.

### A.  Cause and Prejudice

"To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper,* 169 F.3d 695, 703 (11ᵗʰ Cir.1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Id.*; *Crawford v. Head,* 311 F.3d 1288, 1327-28 (11ᵗʰ Cir.2002).

*Henderson*, 353 F.3d at 892. In an attempt to meet this burden, Joyce alleges that appellate counsel abandoned Joyce's direct appeal proceedings by failing to file a petition for writ of certiorari with the Alabama Supreme Court. (*Doc. Nos. 18, 23*.)

As previously determined, Joyce is procedurally defaulted on his claims for relief as he failed to properly exhaust them in the state courts. *Coleman*, 501 U.S. at 735 n.1; *Henderson*, 353 F.3d at 891. Further, while a claim of ineffective assistance of counsel will excuse a procedural default, this is so only when the ineffective assistance claim itself has been independently and properly raised in the state courts. *Murray v. Carrier*, 477 at 489 ("a claim of ineffective assistance must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."); *Hill v. Jones*, 81 F.3d

5

1015, 1030 (11th Cir. 1996) (a procedurally defaulted claim of ineffective assistance of counsel cannot serve as cause to excuse the default of a separate claim). Because Joyce's ineffectiveness claim is itself procedurally defaulted, it cannot constitute cause necessary to excuse his procedural defaults.[1] Moreover, Joyce' assignment of error to appellate counsel does not in any way justify his failure to properly exhaust his ineffectiveness claim in the Rule 32 petition.

Based on the foregoing, the court concludes that Joyce has failed to demonstrate either cause for his failure to present his federal habeas claims to the state courts in compliance with applicable procedural rules nor the existence of actual prejudice emanating from infringement of federal law. Nevertheless, this court may still reach the merits of Joyce's procedurally defaulted claims in order to prevent a fundamental miscarriage of justice.

---

[1]Even if Joyce had not defaulted the claim, this particular challenge to appellate counsel's performance is without merit. The State of Alabama authorizes appointment of counsel for a convicted defendant who files a first appeal as of right following his conviction. *See Johnson v. State*, 584 So.2d 881, 883 (Ala. Crim. App. 1991). This right to appointed counsel, however, is not further extended for a defendant who seeks either discretionary review in the Supreme Court of Alabama or a writ of certiorari in the United States Supreme Court. *Ross v. Moffit*, 417 U.S. 600, 610-12, 615-18 (1974); *Wainwright v. Torna*, 455 U.S. 586, 587 (1982) ("a criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals or application for review in the [United States Supreme] Court."); *see also Cunningham v. State*, 611 So.2d 510, 511 (Ala. Crim. App. 1992). Correspondingly, the trial court had no obligation to ensure that appellate counsel filed a petition for writ of certiorari with the Alabama Supreme Court nor did it have an obligation to appoint counsel for this purpose.

## B. Fundamental Miscarriage of Justice

The miscarriage of justice standard is directly linked to innocence. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). Innocence is not an independent claim; instead, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id.* at 315. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 496; *Schlup v. Delo*, *supra*. "To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States,* 523 U.S. 614, 623 (1998). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Id.* at 623-624.

*Schlup* observes that

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

513 U.S. at 324.

Joyce fails to make the requisite showing.  He presents no evidence nor suggests that any exists which could satisfy the difficult standard set forth in *Schlup*.  Joyce's procedurally defaulted claims are, therefore, foreclosed from federal habeas review.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Darryl Joyce be DENIED and DISMISSED with prejudice.

 It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **December 7, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th  Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 19th day of November 2007.


      /s/Terry F. Moorer
      TERRY F. MOORER
      UNITED STATES MAGISTRATE JUDGE