IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF ALABAMA NORTHERN DIVISION

Darryl Je'von Joyce
    Petitioner,

Vs.                                              2:05-CV-1009-IB

                                                      (WO)

Warden Jones, et al,
    Respondents,


OBJECTION'S TO THE RECOMMENDATION OF THE MAGISTRATE JUDGE


COMES now, the petitioner Darryl Je'von Joyce [ herein after Joyce ] and vehemently object's to the Mag / Judge's report and recommendation on the following grounds to wit:

1. The Mag / Judge has recommended to this United States District Court not to grant Joyce relief by way of Title 28 Section 2254 Habeas Corpus statute. Due to Joyce claim are procedurally defaulted because he failed to present these claims to the State Courts in accordance with the State's applicable procedural Rules, citing at page 4 of recommendation, O'Sullivan V. Boerckel, 526 U.S. at 844 - 845 and Pruitt V. Jones, 348 F. 3d 1355 ( 11th Cir. 2003).

2. In essence the Mag / Judge states that the trial court had no obligation to ensure that appellate counsel filed a Writ of Certiorari with the Alabama Supreme Court nor did it have an obligation to appoint counsel for this purpose.

-1-

3. The Alabama Legislature has provided if State district, circuit and appellate court's with the statute right and authority to comply with Joyce's Sixth Amendment right to counsel on direct appeal and Fourteenth Amendment right to due process of the law. In Section 15 - 12 - 22 (d) of the Code of Alabama 1975 which states as follows:

> § 15-12-22. Appointment and Compensation of Counsel - Appeals.
>
> > (d).Counsel appointed to defend any indigent defendant for the appeal from a decision in any criminal or juvenile proceeding excluding cases tried de novo in circuit court on appeal from a juvenile proceeding, shall be entitled to receive for their services a fee to be approved by the appellate court. The amount of such fee shall be based on the number of hours spent by the counsel in working on such appeal and be computed at the rate of $ 40.00 per hour for time reasonably expended in the prosecution of such appeal, and any subsequent petition for writ of certiorari. The total fees awarded to any one attorney in any appeal and any subsequent petition for Writ of Certiorari, shall not, however, exceed $ 1,000.00, and shall be in addition to any fees awarded on the trial court level. In those cases where the state takes a pretrial appeal, appointed counsel shall be entitled to bill separately for services on the pretrial and post-trial appeals, up to $ 1,000.00 for each appeal. In those cases where a petition for writ of certiorari is granted to the Alabama Supreme Court, counsel shall be entitled to bill separtely for all services rendered after the granting of the certiorari petition, up to a separate limit of $ 1,000.00 over and above any funds received for services rendered in the Court of Criminal Appeals. Such counsel shall also be entitled to be reimbursed for any expenses reasonably incurred in preparing and handling such appeal, to be approved in advance by the appellate court.

The State of Alabama is bound by decisions of the United States Supreme Court when interpreting the United States Constitution. See: <u>L.J.K. V. State,</u> 942 So. 2d 854 (Ala. Crim. App. 2006). and <u>Lee V. Yes of Russellville,</u> 784 So. 2d 1022 (Ala. 2000).

The United States Supreme Court in the Year of 1999 issued the decision <u>O'Sullivan V. Boerckel</u>, (1999), 526 U.S. 838, 144 L. Ed 2d 1, 119 S. ct 1728 wherein it made law:

> " A state prisoner who sought federal habeas corpus relief held not to have exhausted state remedies, as required by 28 USCS Section 2254, as to claims that were not raised in prisoner's petition for discretionary review in Illinois highest court"

-2-

Alabama has a system that appoints counsel on direct appeal, but claims that right to counsel doesn't extend to its highest state court, the Alabama Supreme Court. In lieu of the United States Supreme Court decision saying it is mandatory for a state prisoner to proceed to the highest state court in order to be entitled habeas corpus relief on a criminal defendant complaint, that his rights provided by the U.S. Constitution have been violated. Id. O'Sullivan V. Boerckel.

Alabama's appellate system provides an criminal defendant 14 days to file a petition for Writ of Certiorari after the Alabama Criminal Court of Appeals denys application for rehearing. Joyce appointed counsel on this date of denial of application for rehearing has in his possession all appellate work product of the case and all trial transcripts.

Alabama's practices and policies render's it impossible within 14 days to have appointed -counsel to mail all legal work product and trial transcript to Joyce to prepare a petition for writ of certiorari to the Supreme Court of Alabama.
These External Factor's created by the State of Alabama's trial and appellate court's not to comply with JOYCES RIGHT TO COUNSEL on direct appeal to exhaust his available state court remedies. Is cause that affords Joyce an exception to the State of Alabama's affirmtive defense that Joyce habeas claims are procedurally defaulted... when they aren't!

Joyce's claim that he was denied effective assistance of trial counsel is debatable. See: Smith v. Dretke, 422 F. 3d 269 (5th Cir. 2005).

Joyce object's to the Mag/Judge's denial of habeas relief on procedural grounds is debatable upon jurist. See: Slack v. McDaniel, 529 U.S. 473, 484, 146 L. Ed. 2d 542 1020 S. Ct. 1595 (2000)

-3-

WHEREFORE, for the above said reasons Petitioner Prays that the Mag/Judge's report and recommedation not be adopted and that the case is returned to the Mag/Judge for further proceedings.

Respectfully submitted,

*Darryl Je'von Joyce*
Darryl Je'von Joyce
#183316-_____
1000 St. Clair Road
Springville, Al. 35146


CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of December, 2007 I have served a copy of these "Objection's" upon A.G. Troy King at 11 South Union Street, Alabama State House, Montgomery, Al., 36130, via, United States Mail, postage prepaid.

*Darryl Je'von Joyce*
Darryl Je'von Joyce

Darryl Jo'von Joyce 183316
1000 St. Clair Rd
Springville Al, 35146

This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated and the Alabama Department of Co[rrections] is not responsible for the substance or content of the enclosed communication.

Debora P. Hackett, Clerk
B 110 Frank M. Johnson U.S. Courthouse Complex
One Church St.
P.O. Box 711
Montgomery Al, 36104

FOR LEGAL PURPOSES ONLY



$0.410 US POSTAGE
Mailed From 35146
12/14/2007